vasible processes of the bankrupt law shall have been invoked.

The respondents are adjudged bankrupts.

Decree entered, declaring the firm of Ward & Trow bankrupts.

## Case No. 13,242.

### In re SPILLMAN.

[13 N. B. R. 214;[1] 8 Chi. Leg. News, 140; 23 Pittsb. Leg. J. 87.]

District Court, D. Massachusetts. 1876.

BANKRUPTCY—COMPOSITION—REGISTER'S FEES.

1. In composition cases the register is entitled to five dollars for incidental expenses; three dollars for the meeting; five dollars when acting under a special order; ten cents for filing each paper; twenty cents for each folio of the examination; twenty-five cents for each affidavit; one dollar for ordering an adjournment of a meeting, and ten cents for each folio of the report.

2. When the resolution has been definitely passed upon, the business of the meeting is over and no adjournment is needed.

3. The confirmation need not be presented at the meeting of creditors.

4. If the confirmation is presented to the register, the time spent in examining it may be considered as spent under a special order.

5. No memoranda are necessary in composition cases.

[In the matter of Benjamin F. Spillman, a bankrupt.]

LOWELL, District Judge. In examining the question of the fees of the register in the case of composition, I have found that the fee bill, though not specially intended to reach such cases, may be applied to them. Without tracing all the items of charge in this case, I will point out such as seem to be allowable:

First. The general docket fee for office and incidental expenses, five dollars.

Second. For general meeting of creditors, three dollars.

Third. For service under order of court not exceeding per day,[2] five dollars.

Fourth. Filing papers, not before filed with clerk, each[3] ten cents.

Fifth. Examination of bankrupt taken down in writing, for each folio, twenty cents.

Sixth. For affidavits when necessary, each twenty-five cents.

Seventh. Adjournments. A large part of the fees proposed to be charged in the bill sent in by the register are derived from adjournments and adjourned meetings. I understand the ground for making such adjournments was that the confirmation was

---

[1] [Reprinted from 13 N. B. R. 214, by permission.]

[2] I suppose in most cases the responsible duty which is put upon the register to examine and report will take time beyond and besides the holding of the meeting.

[3] A paper signed by any number of persons is but one paper. This was long since decided in taxing fees of the clerk.

incomplete. The statute does not contemplate that the confirmation should be made at a meeting, nor that it should be presented to the register. The debtor may procure it within any reasonable time after the meeting. Knowing that they often were presented and filed, I required the register's opinion upon them if filed with him. My orders are perhaps annulled by the action of the supreme court. Whether so or not, I shall at once repeal them. I do not understand the supreme court to require the register to pass upon the confirmation, and he is at liberty to refuse to do so. If he does examine it he may be considered to do so under a special order, and the time taken may be added to that spent in examining the resolution itself. Whenever the resolution has been definitely passed upon by the creditors assembled in person or by proxy, the business of the meeting is over. I believe it has been ruled in England that such a meeting cannot be lawfully adjourned, excepting by such a vote as would be requisite to pass the resolution. How that may be by our law I have not had occasion to decide. When an adjourned meeting is necessary (if ever) a fee for ordering it, one dollar; and for holding it, three dollars.

Eighth. Memoranda. The short memoranda are not necessary in composition cases, because the report which the register is required to make of the proceedings includes them. The memoranda are needed in ordinary cases to keep the creditors, who may choose to apply to the court, informed of the state of the proceedings from time to time during the months or years that the case may be pending. In composition cases the register ought to keep a docket and minutes, and can send them up if called for. He may, however, tax the folios of his report itself, for each folio, ten cents.

---

SPLENDID, The. See Case No. 5,485.

---

## Case No. 13,243.

### The SPLENDID v. The GLOBE.

[The case reported under above title in 35 Hunt, Mer. Mag. 447, is the same as Case No. 5,485.]

---

## Case No. 13,244.

### SPOFFORD v. RITTEN.

[4 McLean, 253.][1]

Circuit Court, D. Michigan. June Term, 1847.

PLEADING AT LAW—AMENDMENT—SERVICE OF COPY.

1. A very slight amendment of the declaration, which in no respect can affect the merits of the case, does not require a copy of the declaration to be served under the rule.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]